# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6538 | **DATE** | 12/17/2001 |
| **CASE TITLE** | Gerow vs. Rohm and Haas Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, plaintiff's supplemental motion for reconsideration is granted in part. Counts 2 and 4 are reinstated. The Court finds in favor of plaintiff to the extent described in this memorandum and finds that plaintiff is entitled to attorney's fees in the amount of $23,200. Against this amount, defendants are entitled to a credit for $10,500 they have already paid. The parties are directed to prepare an appropriate form of judgment and to submit it to the Court by 12/20/01. Status hearing set to 12/21/01 at 9:30 for entry of a final judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 62 |
| ✓ | Docketing to mail notices. | | /MW/ docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN A. GEROW,  )
              )
        Plaintiff,  )
              )
vs.           )  Case No. 00 C 6538
              )
ROHM AND HAAS CO., et al.,  )
              )
        Defendants.  )

**DOCKETED**
DEC 1 9 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The purpose of this order is to deal with lingering issues regarding attorney's fees. Plaintiff sued defendants for alleged breaches of an employment agreement. The Court largely ruled in defendants' favor but did rule in plaintiff's favor on some points. The agreement provided that

> [t]he Company agrees to pay, from time to time promptly upon invoice, to the full extent permitted by law, all legal fees and expenses which the Executive may reasonably incur as a result of any contest or controversy (regardless of the outcome thereof and whether or not litigation is involved) by the Company, the Executive or others of the validity or enforceability of, or liability under, any provision of this Agreement or any guarantee of performance thereof.

Agreement §7. The obligation to pay attorney's fees under this provision did not depend on whether plaintiff won the case.

Pursuant to this provision, defendants paid nearly all of plaintiff's legal fees as the case proceeded, though they held back 10%. At the time of our summary judgment ruling, the parties believed that the issues regarding payment of plaintiff's attorney's fees had been resolved, so we

dismissed without prejudice plaintiff's claims for attorney's fees (Counts 2 and 4). After the Court's summary judgment ruling, however, things changed, and for a time it appeared that the Court would have to hold an evidentiary hearing to resolve a dispute regarding whether the 10% holdback was to be permanent or temporary. When, however, we learned that the amount in controversy was no more than $25,000, we urged the parties to try to settle the dispute, and they did so.

Though we thought for a second time that this would end matters, we turned out to be incorrect. Plaintiff asked defendants to reimburse his attorney's fees for three disputes that followed the summary judgment ruling: an issue regarding reconsideration and/or clarification of the summary judgment ruling itself; an issue regarding calculation of damages on the one issue on which we ruled in plaintiff's favor; and the 10% holdback issue. Defendants agreed to pay a total of $10,500 on the latter two points but declined the rest of plaintiff's request, which totaled around $53,000. Plaintiff then filed the present motion, seeking to reinstate Counts 2 and 4 and to obtain an order compelling payment of the remaining fees as well as the attorney's fees that he incurred in bringing and briefing the motion. Defendants argue that the post-summary judgment matters were not reasonably pursued by plaintiff, and that in any event the amount of fees plaintiff claims is unreasonable. This is the dispute that we now resolve.[1]

In two recent cases, the Seventh Circuit has limited the scope of a court's inquiry regarding the award of attorney's fees pursuant to a private contract. In *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150 (7th Cir.1996), the parties' agreement required one party to hold the other harmless against any attorney's fees and expenses incurred as

---

[1] Neither party has suggested that a jury trial on the attorney's fee issues is required.

2

a direct result of the first party's breach. The court read a "reasonableness" limitation into the agreement but stated that the best evidence of market value (and thus reasonableness) is what people pay for it, and that "the best guarantee of reasonableness" is whether the party seeking to recover its attorney's fees has actually paid them to its lawyer. *Id.* at 153. In *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518 (7th Cir.1999), the court expanded on *Balcor,* reiterating that "[i]f the bills were paid [by the party seeking to recover fees], this strongly implies that they meet market standards." *Id.* at 520. It noted that the reason for reading a reasonableness requirement into such agreements is "to guard against moral hazard--the tendency to take additional risks (or run up extra costs) if someone else pays the tab." *Id.* at 521. But the proper way to assess fee requests in this context is "to ensure that they were reasonable in relation to the stakes of the case and [the opposing party's] litigation strategy...." *Id.* In other words, were the requested amounts "fees that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves?" *Id.*

In this case, the Court is forced to conclude that the answer is no. Though we do not question the reasonableness of raising any of the three post-summary judgment issues, the amount of attorney's fees sought, however, is far beyond what is reasonable.

With regard to the motion for reconsideration and/or clarification, a four-page motion supplemented with another four-page filing after a court hearing, plaintiff seeks to recover $20,173 Specifically, he seeks $10,828 for time spent by three lawyers and (it appears) a paralegal from a local law firm and $9,345 for time spent by an attorney from Michigan. Even a cursory review of counsels' time records shows significant duplication of effort and over-commitment of time. Under the Seventh Circuit cases cited earlier, that is not enough to deny

3

fees under a private contractual arrangement. But in this case, the inference is fairly obvious that plaintiff fell victim to "the tendency to take additional risks (or run up extra costs) if someone else pays the tab." *Medcom*, 200 F.3d at 521. No reasonable individual in plaintiff's shoes would have spent over $20,000 to seek clarification of the two narrow points at issue. The Court can only conclude that plaintiff incurred those fees only because he and his attorneys knew, from the fact that they had been paid by defendants as the case was proceeding, that plaintiff would not be on the hook. The fees arguably are unreasonable at even half the amount requested, but we think that one-half is a reasonable reduction, resulting primarily from the unnecessary participation of two separate law firms in this effort. The Court will award plaintiff $10,000 for the clarification/reconsideration work.

We reach a similar conclusion with regard to the 10% holdback issue.[2] Again, we have no quarrel with plaintiff raising the issue. But for the work necessary to bring the issue to a head, bring it to the Court's attention, and work it out (plaintiff served a 10-page motion plus affidavits on November 13, 2001, a brief court appearance as discussed at p. 2 *supra* was held on November 16, and on November 20, the parties resolved the matter), plaintiff claims attorney's fees of $27,628.75 (!!). This bears repeating: plaintiff seeks over $27,000 for fees incurred to recover a sum of approximately $25,000. Again, this results from the commitment of multiple law firms and numerous lawyers to what was a narrow factual dispute over whether plaintiff's attorneys had agreed that defendants did not need to pay the other 10% or had waived their claim to the remainder. This was unreasonable within the meaning of *Medcom*. Plaintiff's over-

---

[2] Together with this issue, plaintiff raised a claim of "anticipatory breach" of defendant's alleged obligation to pay attorney's fees for plaintiff's not-yet-taken appeal.

4

commitment of time and effort is symptomatic of a tendency all too common in the practice of law: a penchant to send the entire army into battle, armed to the teeth, when all that is needed is a single commando with a sharp knife. Plaintiff's attorneys could have ably and amply performed the necessary work with no more than one-third of the time committed.[3] We will therefore reduce this aspect of plaintiff's request by two-thirds, to $9,000. Defendants are entitled to credit for the $8,000 that they have already paid.

The third post-summary judgment issue concerned the calculation of damages on the one issue on which we ruled in plaintiff's favor: defendant's failure to provide him with appropriate investment options. Plaintiff claims $5,890, saying that his attorneys were required to verify the accuracy of calculations provided by defendant and that this was difficult to do for various reasons. In the course of this effort, plaintiff says, discrepancies were discovered in plaintiff's account that had to be corrected. That said, plaintiff's commitment of attorney time was excessive and unreasonable within the meaning of *Medcom* – primarily due to the unnecessary or at least unjustified participation of Michigan counsel, who largely (though not entirely) duplicated the work being done by Chicago counsel. The $2,500 that defendants have already paid plaintiff on this point is more than sufficient.

Finally, there is the issue of plaintiff's entitlement to fees for making the motion that we have addressed in this Memorandum Opinion and Order. For this plaintiff claims approximately $12,500 ($8,963 for the motion and $3,500 for the reply). Again, this is a dramatic overstatement of the amount of time and effort *reasonably* necessary. Indeed, a good deal of the

---

[3] One-third, approximately $9,000 of attorney time, would have represented over 23 hours of the time of the primary counsel who has appeared in court (at $385 per hour), or over 40 hours of the time of the second-in-command (at $210 per hour).

5

work resulted from the fact that plaintiff made unreasonably large claims on each of the three points previously addressed. All told, plaintiff requested just under $53,700, not including the amount he seeks for litigating the fee request. The Court has awarded him $21,500, of which defendants had already paid $10,500, making plaintiff's net gain only $11,000. A reasonable person in plaintiff's shoes, knowing that the fees were on his own tab, would have called it square on the 10% holdback and calculation of damages issue when defendants paid $10,500, and would have raised only the issue of the motion for reconsideration and/or clarification. The commitment of time on the other issues was unreasonable; plaintiff should have known when to stand pat and when to ask for new cards. The Court will reduce by two-thirds, to $4,200, the fees requested for litigating the attorney's fee issue.

## Conclusion

For the reasons stated above, plaintiff's supplemental motion for reconsideration is granted in part. Counts 2 and 4 are reinstated. The Court finds in favor of plaintiff to the extent described in this Memorandum Opinion and Order and finds that plaintiff is entitled to attorney's fees in the amount of $23,200. Against this amount, defendants are entitled to a credit for $10,500 they have already paid. The parties are directed to prepare an appropriate form of judgment and to submit it to the Court by December 20, 2001. The case is set for 9:30 a.m. on December 21, 2001 for entry of final judgment.

MATTHEW F. KENNELLY
United States District Judge

Date: December 17, 2001

6